Maria Cardoza Fratus
     vs.     Div. No. 27643.
Joachim Fratus

April 7, 1934.

JOSLIN, J. The petitioner claims to be the common law wife of the respondent. There was never a ceremonial marriage. She sued for a divorce from bed and board on the grounds of neglect to provide and adultery. At the close of the testimony the petition was denied and dismissed on the ground that no common law marriage was proved.

The petitioner now files a motion for a new trial on the sole ground of newly discovered evidence. In addition to her own affidavit stating that she "used every diligent means" to locate the witnesses, the affidavits of four others have been filed. Not withstanding the quoted statement, it is not clear that the petitioner "used ordinary diligence to discover and produce the evidence at the trial". For this reason, the plain duty of the Court would be to deny her motion.

*Silva* vs. *Peerless Casualty Co.*, 53 R. I. 218.

We have, nevertheless, examined these affidavits with great care. The testimony offered does not bear upon any new point. It is cumulative of evidence given at the trial and if it had been then heard by the Court the result would have been no different.

In her petition the petitioner alleges the common law marriage in "1921 or 1922". In her testimony she maintains that the respondent and she declared themselves to each other as husband and wife at various and numerous times after 1922 to within a short time prior to their disagreement.

There are certain facts in the case which stand out and which are more convincing than the words of the petitioner, the witnesses she called at the trial, and the testimony which may be given by the signers of the affidavits.

The parties commenced and continued their illicit relations under circumstances which belie any serious intentions between them. On the occasion when she claims they first declared themselves to be husband and wife, they were each married. He had a wife living in Portugal and she knew it. She had a husband from whom she was not divorced until 1924. Respondent's divorce was secured in 1926. At no time did she make request for a ceremonial marriage. Her suit against the respondent in 1928 for her share of the profits of a liquor venture in which both were interested is inconsistent with her present claim. We are convinced that the petitioner never used the name of the respondent. At divers times shortly before bringing her petition, she applied for public aid, stating that she was a widow. She gave her name as Cardoza. She then declared that her husband was dead and gave the date of his death. She signed the name "Cardoza" to her petition in this clause. The witnesses she produced at the trial were most unsatisfactory. Her own testimony and her demeanor as a witness stamped her as utterly unworthy of belief.

The respondent denies the existence of a common law marital relationship and we are more convinced by his statement and the attending circumstances than we are by her assertions even though corroborated by said affidavits.

After a careful examination of all the evidence and said affidavits, we find that there never was a contract of marriage between said parties, either before they were both freed by divorces or thereafter.

We are not unmindful of the law declared in *Holgate* vs. *United Electric Rys.*, 47 R. I. 337, that "a common law marriage may be shown as an inference of fact from cohabitation, declarations and reputation among friends and kindred"; and as declared in *Silva* vs. *Merritt*, 52 R. I. 30, that a common law marriage "may be established by the acts, declarations and conduct of the parties and by competent circumstantial evidence". We are unable, however, to draw from the testimony with the accumulative affidavits any inference favorable to the petitioner. Certainly there is no proof which is "clear and convincing" of a common law marriage.

The respondent remarried prior to the commencement of this action. He owns some real estate and in our opinion the purpose of this proceeding is not so much to establish the petitioner's relationship as wife as an attempt to coerce the respondent into the payment of money to be released from her claim.

In our opinion the petitioner led a dissolute life. She and the respondent were living in open adultery with never an intention of anything more.

Motion for new trial is denied.

For petitioner: Pavou & McKendall, J. G. Le Count.

For respondent: E. F. McElroy.